IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICARDO H. VAZQUEZ,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | 5:25-cv-00007 | |
| § | | |
| § | CIVIL ACTION NO:_____ | |
| **CARLOS HUMBERTO HERNANDEZ** § | | |
| **AND FEDERAL EXPRESS CORPORATION,** § | | |
| § | | |
| *Defendants*. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Ricardo H. Vazquez (hereinafter "Plaintiff") in the above-entitled and numbered cause and file this *Plaintiffs' Original Complaint*, complaining of and about Carlos Humberto Hernandez and Federal Express Corporation (hereinafter "Defendants") and for cause of action would respectfully show the Court and Jury the following:

### I.   PARTIES

1.   Plaintiff Ricardo H. Vazquez is an individual residing in Bexar County, Texas. **Service of Summons is requested at this time.**

2.   Defendant Carlos Humberto Hernandez (hereinafter "Defendant") is an individual residing in Comal County, Texas. Defendant may be served with process at his normal place of abode at 2422 Country Grace, New Braunfels, Texas 78130 or wherever he may be found. **Service of Summons is requested at this time.**

3.   Defendant, Federal Express Corporation is a Foreign For-Profit Corporation doing business in the State of Texas may be served with process by serving Federal Express Corporation through its

registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 by private process.  **Service of Summons is requested at this time.**

## II.     JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiffs now sue. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a), based upon diversity of citizenship and an amount in controversy exceeding seventy-five thousand dollars ($75,000.00).   It is further proper under federal question.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) (2).

## III.    MISNOMER, ALTER-EGO, ASSUMED NAME

6. In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named here in.

7. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.    FACTS

8. A driver of a commercial vehicle has a heightened duty to drive safely, keep a proper look out, maintain safe speeds and following distances, and to avoid an accident.  The employer of that driver is also required to make sure their driver is safe on the road.  A failure to have a safe driver following the required rules of the road puts all people on the road at risk of serious injury or death. A failure to have a driver on the road that can identify and avoid a disabled vehicle on the shoulder of the road with the proper warning signals and triangles is a danger to everyone.

9. On or about December 14, 2023 at approximately 4:20 p.m., Plaintiff was traveling on the 5700 block of Tri County Parkway in Shertz, Texas. Defendant Hernandez at the aforementioned

*RICARDO VAZQUEZ V. CARLOS HUMBERTO HERNANDEZ AND FEDERAL EXPRESS CORPORATION*
*PLAINTIFFS' ORIGINAL COMPLAINT*

time was driving a 2016 Freightliner also traveling on the 5700 block of Tri-County Parkway in the course and scope of his employment with/for Defendant Federal Express Corporation.

10. As Plaintiff was making a right turn onto 17300 Block of IH 35 N. Access Road, Defendant failed to keep a proper lookout and failed to maintain an assured clear distance between both vehicles.

11. As a result, Defendant Hernandez suddenly, violently, and without warning, struck Plaintiff's black 2022 Ford Mustang.

12. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent damages, for which Plaintiff has necessitated medical treatment and the incurring of costs and damages for the same.

13. The investigation police officer determined that Defendant HERNANDEZ was at fault for the wreck, and that a contributing factor was driver inattention.

14. Defendant HERNANDEZ was the driver of an eighteen-wheeler vehicle operated for profit in the course and scope of employment with Defendant, FEDERAL EXPRESS CORPORATION.

15. Defendant HERNANDEZ drove a 2016 White Freightliner, Model M2.

16. Defendants vehicle has a gross vehicle weight rating of greater than 10,001 pounds.

17. Defendant HERNANDEZ had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

## V.   CAUSES OF ACTION

**FEDERAL EXPRESS CORPORATION AND CARLOS HUMBERTO HERNANDEZ**

*A.   Negligence Against Defendant CARLOS HUMBERTO HERNANDEZ*

18. Plaintiff repeats and realleges each allegation contained herein. Plaintiff sustained injuries as a direct and proximate result of Defendant Driver's negligence and gross negligence when Defendant CARLOS HUMBERTO HERNANDEZ:

   a. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se in violation of the Texas Transportation Code § 545.417(a);
   b. Failing to maintain driver attention;
   c. Being distracted in the vehicle;
   d. Failing to follow and use the Smith System;
   e. Failing to maintain an assured clear distance from other vehicles, which constitutes common law negligence and negligence per se in violation of the Texas Transportation Code § 545.062(a);
   f. Failing to obey traffic signals, which constitutes negligence per se in violation of Texas Transportation Code § 544.007;
   g. Failing to control speed, which constitutes common law negligence and negligence per se in violation of the Texas Transportation Code § 545.351(a)(b)(1)(2);
   h. Failing to take proper evasive action to avoid the collision;
   i. In driving the Defendant FEDERAL EXPRESS CORPORATION's motor vehicle without determining that the movement could be made safely and without interference with other traffic, in violation of § 545.415, Texas Transportation Code, which constitutes common law negligence and negligence per se;
   j. Failing to have and keep the vehicle under proper control;
   k. Failing to make such proper and/or timely application of the brakes as a person using ordinary care would have made;
   l. Operating vehicle in a willful and wanton disregard for the safety of persons and property, including Plaintiff, which constitutes common

        law negligence and negligence per se in violation of Texas Transportation Code § 545.401(a);

m. Failed to yield the right-of-way;

n. Failed to keep an assured-clear following distance, which constitutes both negligence and negligence per se;

o. Failed to properly inspect the vehicle prior to operation;

p. Failed to maintain control of the vehicle;

q. Failing to conduct pre-trip and post-trip inspections;

r. Failed to operate the vehicle safely;

s. Failed to exercise appropriate caution given traffic conditions;

t. Failed to exercise appropriate caution given road conditions;

u. Failed to have the necessary training, knowledge, and experience to safely operate the tractor and trailer;

v. Failed to operate the vehicle without due regard for the rights of others;

w. Failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations;

x. Violated applicable, local, state, and federal laws and/or regulations; and

y. Other acts so deemed negligent

z. Failed to timely apply the brakes to in order to avoid the collision in question;

aa. Failed to take evasive action in order to avoid the collision;

bb. Failed to exercise appropriate caution given traffic conditions;

cc. Failed to exercise appropriate caution given road conditions;

dd. Violated applicable, local, state, and federal laws and/or regulations; and

ee. Other acts so deemed negligent.

19. Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant's negligence, Plaintiff suffered severe physical injury.

Plaintiff is entitled to recover for her injuries. Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury.

### B. *Negligence Per Se Against all Defendants*

20. Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a direct and proximate result of Defendant FEDERAL EXPRESS CORPORATION's and Defendant HERNANDEZ' negligence *per se* when Defendants:

   a. Hernandez violated Texas Transportation Code, Section 544.007;
   b. Hernandez violated Texas Transportation Code, Section 545.351;
   c. Hernandez violated Texas Transportation Code, Section 545.352;
   d. Hernandez violated Texas Transportation Code, Section 545.401;
   e. Hernandez violated Texas Transportation Code, Section 545.415;
   f. Hernandez violated Texas Transportation Code, Section 545.417;
   g. Hernandez violated Texas Transportation Code, Section 545.060;
   h. Hernandez violated Texas Transportation Code, Section 545.4251;
   i. Hernandez violated Texas Transportation Code, Section 545.062;
   j. FEDERAL EXPRESS CORPORATION violated Texas Transportation Code, Section 644, *et al*;
   k. All Defendants violated Sections § 383.111, 383.113, 390.11, 392.3, 392.7, 393.40, 393.48, 393.52, 393.75, and 396.7 of the Federal Motor Carrier Safety Regulations, and other safety standards and regulations designed to protect against the type of harm that resulted from Defendants' negligent and grossly negligent operation of the tractor-trailer involved in the incident in question;
   l. Other acts so deemed negligent *per se*.

21. Plaintiff is a member of the class that the aforementioned code sections, laws, and/or regulations were designed to protect. Defendant Company and Defendant Driver's unexcused

breach of the duties imposed by said code sections proximately caused Plaintiff's injuries described herein.

C. *Plaintiff's Claims of Respondeat Superior Against Defendant FEDERAL EXPRESS CORPORATION*

22. Plaintiff repeats and realleges each and every allegation contained herein. At the time of the occurrence and immediately prior thereto, Defendant HERNANDEZ:

    a. Was within the course and scope of his employment with Defendant FEDERAL EXPRESS CORPORATION;
    b. Was engaged in the furtherance of Defendant Company's business;
    c. Was engaged in accomplishing a task for Defendant Company;

23. Additionally or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Hernandez was a statutory employee of Defendant, FEDERAL EXPRESS CORPORATION, under 49 C.F.R. §§ 376.11–.12, 390.5 et seq., 37 TEX. ADMIN. CODE § 4.11 et seq., and other applicable law.

24. Therefore, under the doctrine of respondeat superior, Defendant, FEDERAL EXPRESS CORPORATION is vicariously liable for Defendant, HERNANDEZ' conduct, further outlined elsewhere in this Complaint and incorporated by reference here fully.

25 Plaintiff therefore invokes the doctrine of Respondeat Superior against Defendant FEDERAL EXPRESS CORPORATION.

26. Plaintiff therefore invokes the doctrine of *Respondeat Superior* against Defendant Company.

R*ICARDO* V*AZQUEZ V.* C*ARLOS* H*UMBERTO* H*ERNANDEZ* A*ND* F*EDERAL* E*XPRESS* C*ORPORATION*
P*LAINTIFFS'* O*RIGINAL* C*OMPLAINT*

Page 7 of 16

### D.   *Plaintiff's Claims of Agency Against Defendant FEDERAL EXPRESS CORPORATION*

27.   Plaintiff repeats and realleges each and every allegation contained herein.

28.   At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions of any such agent, representative, or employee of Defendant Company occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Company. Therefore, Defendant Company is liable to Plaintiff for the acts and/or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

### E.   *Negligent Hiring Against Defendant FEDERAL EXPRESS CORPORATION*

29.   Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendant Company's negligent and grossly negligent hiring because of Defendant's negligence and the failure to do the same caused Plaintiff's injuries and caused the accident leading to the injuries. This includes:

   a. Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee;
   b. Failure to properly follow up on information not provided by Defendant Driver in the interview process;
   c. Failure to conduct a proper employment and background check;
   d. Failure to sufficiently investigate Defendant Driver's training, prior employment, criminal records, and past;
   e. Failure to conduct the required screening, testing, and physical of Defendant Driver;
   f. Failure to do what a reasonably prudent "common carrier" would do under the same or similar circumstances;

    g. Failure to adopt proper policies and procedures regarding the interview and hiring of potential employees; and/or

    h. Such other acts of negligence as may be shown in the discovery and trial of this cause.

### F.    *Negligent Training Against Defendant FEDERAL EXPRESS CORPORATION*

30. Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendant FEDERAL EXPRESS CORPORATION's negligent and grossly negligent training because of Defendant's negligence and the failure to do the same caused Plaintiff's injuries and caused the accident leading to the injuries. This includes:

    a. Failure to explain and demonstrate its safety policies and procedures to Defendant Driver;

    b. Failure to ensure that Defendant Driver was trained and tested in compliance with the Federal Motor Carrier Safety Regulations and requirements of 49 CFR parts 390 through 397 and the procedures necessary for the safe operation of the motior vehicle;

    c. Failure to provide the necessary training to Defendant Driver regarding driving the vehicle, vehicle safety, safety classes, how to properly and safely load the vehicle, how to properly inspect the vehicle, how to properly and safely drive the vehicle, the proper method to maintain the vehicle the proper way and necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of the vehicle and the maintenance of the vehicle;

    d. Failure to train Defendant Driver in all aspects of driver safety;

    e. Failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstance;

    f. Failure to provide and/or require follow-up driver education;

    g.  Failure to do what a reasonably prudent "common carrier" would do under the same or similar circumstances; and

    h.  Such other acts of negligence as may be shown in the discovery and trial of this cause.

### G. *Negligent Supervision, Retention, and Monitoring Against Defendant FEDERAL EXPRESS CORPORATION*

31. Plaintiff repeats and reallege each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendant FEDERAL EXPRESS CORPORATION's negligent and grossly negligent supervision, retention, and monitoring because of Defendant's negligence and the failure to do the same caused Plaintiff's injuries and caused the accident leading to the injuries.  This includes:

    a.  Failure to monitor Defendant Driver to make sure Defendant Driver was complying with policies and procedures;

    b.  Failure to interview and test Defendant Driver to make sure Defendant Driver had read, was familiar with, understood, and followed the company policies and procedures;

    c.  Failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety;

    d.  Failure to supervise Defendant Driver to ensure that Defendant Driver was keeping his vehicle properly maintained;

    e.  Failure to do what a reasonably prudent "common carrier" would do under the same or similar circumstance; and

    f.  Such other acts of negligence as may be shown in the discovery and trial of this cause.

### H. Negligent Entrustment Against Defendant FEDERAL EXPRESS CORPORATION

32. Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendant FEDERAL EXPRESS CORPORATION's negligent and grossly negligent entrustment because Defendant Company: provided a vehicle and or authority to Defendant HERNANDEZ, who was not properly trained, and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver. Further, Plaintiff alleges that Defendant knew or should have known that the Defendant Driver was unfit to operate the vehicle safety. Defendant Driver caused harm to the Plaintiff by driving the vehicle negligently.

### I. Negligent Maintenance Against all Defendants

33. Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendants' ill-maintained vehicle. This vehicle and its equipment was hazardous and/or dangerous; it constituted an increased level of hazard and/or danger to the safety of others by reason of its condition, size, lack of safety features, and/or lack of maneuverability and failure to maintain the brakes. Therefore, each and every Defendant named, in addition to their agents, employees, servants and representatives acting on behalf of said Defendants, had a duty to exercise extraordinary care and due caution in the record keeping, inspection, service, maintenance, repair, improvement, loading, securing and operation of the vehicle, so as not to constitute an unreasonable hazard to others. Said activity involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risk involved. In addition, or in the alternative, Defendants, or agents, employees, servants and representatives acting on behalf of said Defendants, had a duty to keep records, inspect, service, maintain, repair, load,

secure and operate the vehicle in a reasonable and prudent mariner while exercising ordinary care or due caution.

34. Plaintiff further alleges Defendants failed to do the proper pre-trip and post-trip inspections nor complied with required maintenance schedules under state and federal law.

35. Defendants further failed to ensure that Defendant driver was equipped with a vehicle with operational brakes that could perform as required to safely stop and comply with state and federal law.

36. Defendants failures caused this wreck and Plaintiff's injuries.

### J.  *Negligent Contracting Against Defendant FEDERAL EXPRESS CORPORATION*

37. Plaintiff repeats and realleges each and every allegation contained herein. Plaintiff sustained injuries as a result of Defendant FEDERAL EXPRESS CORPORATION's negligent contracting with Defendant HERNANDEZ because of Defendant FEDERAL EXPRESS CORPORATION's:

   a. Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential contractor;
   b. Failure to properly inspect Defendant Driver's safety record;
   c. Failure to properly inspect Defendant Driver's safety policies and procedures;
   d. Failure to properly inspect Defendant Driver's hiring policies and procedures; and
   e. Failure to properly inspect Defendant Driver's maintenance policies and procedures.

## VI.   EXEMPLARY DAMAGES

38. Defendant HERNANDEZ' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

39. Defendant HERNANDEZ' acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

40. Each of these acts and/or omissions, whether taken singularly or in any combination, gross negligence which proximately caused the collision, injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

41. Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

42. Plaintiff would further show that Defendant, FEDERAL EXPRESS CORPORATION ratified such actions.

43. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

### VII.   DAMAGES

44. Plaintiffs, as a direct and proximate result of Defendant's breach of duty, were caused to

suffer serious and permanent personal injuries to their bodies generally. Accordingly, Plaintiffs, as a direct and proximate result of the breach of duty and the negligence of Defendant, have incurred the following damages:

(a) reasonable and necessary medical expenses in the past;

(b) reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

(c) physical pain suffered in the past;

(d) physical pain which, in all reasonable probability, will be suffered in the future;

(e) mental anguish suffered in the past;

(f) mental anguish which, in all reasonable probability, will be suffered in the future;

(g) physical impairment in the past;

(h) physical impairment which, in all reasonable probability, will be suffered in the future;

(i) lost wages in the past;

(j) loss of earning capacity which, in all reasonable probability, will be sustained in the future;

(k) disfigurement which, in all reasonable probability, will be suffered in the future;

(l) Interest on damages (pre and post-judgement) in accordance with the law;

(m) Actual damages;

(n) Costs of Court;

(o) Costs of copies of depositions and any other recoverable expenses; and

(p) Numerous other out-of-pocket expenses and pecuniary expenses;

(q) Exemplary damages.

## VIII. INTEREST

45.     Plaintiffs further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## IX.   DEMAND FOR JURY TRIAL

46.     Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment on this date of the required jury fee.

## X.   DESIGNATED E-SERVICE EMAIL ADDRESS

47.     The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: trey@harperlawtx.com and lorena@harperlawtx.com . This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein; that, on final hearing of this cause, Plaintiffs have judgment against Defendants for actual damages, compensatory damages, pecuniary damages, interest, costs, and punitive damages in an amount deemed to be just and fair by the Jury, which will be a sum within the jurisdictional limits of this Court; prejudgment interest and post-judgment interest at the maximum rate provided by law; court costs; and all other relief to which Plaintiffs are justly entitled.

>Respectfully submitted,
>
>**HARPER LAW FIRM**
>18618 Tuscany Stone, Ste. 210
>San Antonio, Texas 78258
>(210) 780-3881; Telephone
>(210) 876-1891; Facsimile
>michael@harperlawtx.com
>
>
>BY: <u>*/s/ Thomas N. Cammack, III*    </u>
>      TAYLOR W. HARPER
>      State Bar No. 24091573
>      taylor@harperlawtx.com
>      THOMAS N. CAMMACK, III
>      State Bar No. 24073762
>      trey@harperlawtx.com
>
>      **ATTORNEYS FOR PLAINTIFF**